■ In the Matter of the Claims of FLORENCE TYCZ, on Behalf of Herself and Child, et al., Respondents, against NEW YORK TELEPHONE COMPANY, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by a self-insured employer from a decision and award of the Workmen's Compensation Board for death benefits. The board has found that the decedent's fall from a ladder caused a cerebral concussion and other injuries and that these injuries and his discharge from his employment resulted in depression, suicidal tendencies and mental derangement in the nature of a disease which caused his death by suicide about four months after the accident. The medical proof as to causation was in conflict and the board's finding can be sustained, if at all, only upon the testimony of the neurologist and psychiatrist called by the claimants. This testimony, read and considered as a whole, does not, in our view, constitute substantial evidence of the chain of causation found by the board. While we thus view as unsubstantial the proof of causation generally, we need discuss only a specific deficiency which highlights the whole. From the testimony of claimants' expert it is clear that his assumption of a cerebral concussion of such severity as to cause unconsciousness was vital to his conclusion. We find in the record no substantial evidence that the period of unconsciousness which concededly occurred was due to the fall. On the contrary, there was some evidence, which the board was not bound to accept, indicating that unconsciousness may have followed the inhalation of fumes or accompanied a fainting spell of some kind, and that such unconsciousness may have preceded and caused the fall. It is true that the claim for compensation executed by decedent shortly before his death stated (at some variance with the history given by him on previous occasions) that "I fell off ladder striking my head and was knocked out". However, we may not, as in the ordinary case, seek the necessary corroboration for this statement in the surrounding circumstances or in lay proof, since each would here require medical evaluation, the issue being the cause, and not the fact, of the unconsciousness. Neither does any witness or any circumstance indicate the

chronology of the events of the accident. There was in the evidence a description of decedent's appearance and of his breathing when he was found unconscious, as well as some proof of his subsequent complaints of headaches and dizziness and, in addition, some clinical findings by hospital and other physicians which might or might not suggest to an expert unconsciousness of traumatic origin, or the degree of the concussion without reference to unconsciousness. We may not thus hypothesize and if any of this evidence was significant as supporting the otherwise unwarranted assumption of unconsciousness accompanying concussion which claimants' expert indulged, there is no clear and satisfactory indication of it in his testimony. Decision and award reversed, with costs to appellant against the Workmen's Compensation Board, and matter remitted to the Workmen's Compensation Board for further proceedings. Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ., concur.